UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-149

| | | |
|---|---|---|
| **KIMBERLY CHANDLER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **W.B. MOORE COMPANY OF CHARLOTTE, INC.,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Title VII Claim (#8). Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**I.     Background**

Plaintiff, a former employee of defendant, filed suit after the Equal Opportunity Employment Commission ("EEOC") declined to pursue charges on her behalf. In a letter dated November 13, 2017, which plaintiff's counsel received on November 15, 2017, the EEOC notified plaintiff of their decision and of her right to sue. Plaintiff filed a request for an extension under North Carolina Rule of Civil Procedure 3(a) on February 9, 2018. The clerk issued a summons the same day, and plaintiff proceeded to file suit in Mecklenburg County Superior Court on February 20, 2018. The matter was removed to this court by defendant on March 22, 2018 on the basis of federal question jurisdiction. In her original complaint, plaintiff alleges causes of action based on Title VII of the Civil Rights Act of 1964, as amended, 28 U.S.C. § 2000e *et. seq.* ("Title VII") and Section 1981 of the Civil Rights Act of 1866 against defendants.

On April 16, 2018 plaintiff amended her complaint to add another claim under North Carolina public policy and to dismiss her claims without prejudice as to a prior defendant, Cyril Bath Company, pursuant to a stipulated agreement (#16).

The instant motion is limited solely to dismissal of the Title VII claim against defendant, as defendant argues that the claim is time-barred due to plaintiff's failure to file suit within 90 days of receipt of her right-to-sue letter from the EEOC. Plaintiff argues that she filed the request for an extension in Mecklenburg County Superior Court 86 days after receiving the letter from the EEOC, and thus satisfied the requirement to file suit within 90 days of receipt of the letter. In response, defendant counters that a federal statutory deadline cannot be extended through a state law procedural rule, and that plaintiff's Title VII claim remains time-barred.

**II.    Legal Standard**

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive such motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," as "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient to defeat a Rule 12(b)(6) motion. Id.; see also Twombly, 550 U.S. at 547 (complaints will be dismissed when plaintiffs "have not nudged their claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but need only give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party, Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or "unreasonable arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

As for timeliness, Title VII states that a claimant must file a civil action within 90 days of receipt of notice to sue. 42 U.S.C. § 2000(e)-5(f)(1). Generally, the 90-day period commences upon the delivery of the letter. See Nguyen v. Inova Alexandria Hosp., 187 F.3d 630 (4th Cir. 1999) (unpublished); see also Harper v. Burgess, 701 F.2d 29, 30 (4th Cir. 1983) (holding that notice to plaintiff's counsel also triggered the limitations period). Should a claimant fail to file suit within said period, "the right to bring suit under Title VII is lost." Dixon v. Digital Equipment Corp., 976 F.2d 725, 725 (4th Cir. 1992) (unpublished). Certain exceptions to this rule may allow a claimant to file after the 90-day deadline has otherwise expired, such as when a claimant has received inadequate notice of the right to sue or the accompanying deadline, where a motion for appointment of counsel is pending and equity justifies tolling the period until the

motion has been acted upon, or where the court has led the claimant to believe that everything required of them has already been done. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 150 (1984) (citations omitted).

### III. Discussion

Here, the EEOC's letter that informed plaintiff of her right to sue and the accompanying 90-day deadline was dated November 13, 2017, and in plaintiff's Response (#14) to the instant motion, plaintiff concedes that counsel received the letter two days later on November 15, 2017. To meet the 90-day deadline based on November 15, 2017, plaintiff had to file suit by February 13, 2018. On February 9, 2018, plaintiff filed an Application and order Extending Time to File Complaint Pursuant to North Carolina Rule of Civil Procedure 3(a), and the clerk of court issued a summons the same day. Plaintiff then filed her complaint on February 20, 2018.

The core issue, then, is whether plaintiff's filing of said Application and order Extending Time to File Complaint Pursuant to North Carolina Rule of Civil Procedure 3(a) and subsequent issuance of a summons by the clerk of court satisfies the 90-day deadline. This court has already resolved this issue, finding in a similar matter that a claimant may initiate a Title VII claim in state court or federal court and that an action is commenced upon issuance of a summons; as a summons was issued in this matter within the 90-day deadline, plaintiff successfully commenced a Title VII claim in state court within 90 days of receipt of notice of her right to sue and her Title VII claim is thus not time-barred, despite defendant's preemption arguments to the contrary. See Koures v. Pfizer, Inc., 2011 WL 1868870 at *4-7 (W.D.N.C. 2011). It is also worth noting that this court's colleagues agree with this holding, and with the idea that plaintiff should still be able to avail herself of Rule 3 despite defendant's arguments about the language and intent of Title

VII. See Lassiter v. Labcorp Occupational Testing Servs., Inc., 337 F.Supp.2d 746 (M.D.N.C. 2004) (holding that the North Carolina Rules of Civil Procedure do not limit commencing of a lawsuit to filing a complaint, and if a summons is issued within the relevant statutory period, the relevant claims remain viable); Allen v. Fed Express Corp., 2009 WL 3234699, at *4 (M.D.N.C. 2009) (since an extension order was granted and a summons was issued within the ninety-day period in a state court Title VII action, plaintiff's action was timely). As a result, defendant's motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant W.B. Moore Company of Charlotte, Inc.'s Motion to Dismiss Title VII Claim (#8) is **DENIED**.

Signed: April 23, 2018

Max O. Cogburn Jr.
United States District Judge