# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-149-MOC-DCK

| | |
|---|---|
| **KIMBERLY CHANDLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **W.B. MOORE COMPANY OF CHARLOTTE, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## PROTECTIVE ORDER

It is hereby ORDERED by the Court upon the request and consent of the parties that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. "Confidential" information or documents may be referred to collectively as "confidential information." The notation "Confidential" shall be stamped or otherwise marked on each designated document or the first page of designated documents with multiple pages. In lieu of marking originals, the producing party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the notation "Confidential" shall be plainly marked on a label affixed to the disk, tape, or other medium on which the information is stored. Deposition testimony and exhibits may be designated as Confidential Information by identification on the record during any deposition or other proceeding.

All copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover.

    a.     "Confidential Information" means and includes the following:

        i.     information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

        ii.     information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information; and

        iii.     medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered.

        iv.     federal or state income tax returns or other financial information of any party.

    2.     Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action and any appeal taken therefrom.

    3.     In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the

challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

    4.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

        a.    The requesting party and counsel;

        b.    Employees of such counsel assigned to and necessary to assist in the litigation;

        c.    Consultants or experts to the extent deemed necessary by counsel;

        d.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

        e.    The Court or the jury at trial or as exhibits to motions; and

        f.    Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

    5.    Prior to disclosing or displaying the confidential information to any person, counsel shall:

        a.    Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. If any party inadvertently fails to designate any material as confidential information preproduction, it may correct its error at any time utilizing the following procedures. Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the producing party's option, either provide substituted copies of the confidential information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, the receiving party shall treat the information as if it had been appropriately marked before the original production.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

8. **Inadvertent Production.** The inadvertent production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or of Confidential Information without a designation does not constitute a waiver of any privilege or of the right to claim confidential status. "Inadvertent production" means production that was unintentional, accidental or resulted from mistake or inadvertence. Counsel's declaration that a production was inadvertent shall be presumptive evidence that a production was, inadvertent. Upon written notice of an unintentional production by the producing Party or oral

notice if notice must be delivered at a deposition, the receiving Party must promptly return or destroy the specified document and any hard copies the receiving Party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing Party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving Party, the producing Party shall bear the costs of the return or destruction of such electronic copies. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving Party, then the receiving Party will sequester such documents until the claim has been resolved. If the receiving Party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing Party shall preserve the specified information until the claim is resolved. The receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing Party in writing of an objection to the claim of privilege and the grounds for that objection. The producing Party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any Party may request expedited treatment of any request for the Court's determination of the claim. Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or infermation; or to apply to the Court for an order compelling production of documents or Information; or for modification of this Order.

**SO ORDERED**.

Signed: June 18, 2018

David C. Keesler
United States Magistrate Judge