UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-149

| | |
|---|---|
| **KIMBERLY CHANDLER,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**W.B. MOORE COMPANY OF CHARLOTTE,** )<br>**INC.,** )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Third Cause of Action in Amended Complaint for Wrongful Discharge Under North Carolina Law. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**I.     Background**

Plaintiff, a former employee of defendant, filed suit after the Equal Opportunity Employment Commission ("EEOC") declined to pursue charges on her behalf. In a letter dated November 13, 2017, which plaintiff's counsel received on November 15, 2017, the EEOC notified plaintiff of their decision and of her right to sue. Plaintiff filed a request for an extension under North Carolina Rule of Civil Procedure 3(a) on February 9, 2018. The clerk issued a summons the same day, and plaintiff proceeded to file suit in Mecklenburg County Superior Court on February 20, 2018. The matter was removed to this court by defendant on March 22, 2018 on the basis of federal question jurisdiction. In her original complaint, plaintiff alleges causes of action based on Title VII of the Civil Rights Act of 1964, as amended, 28 U.S.C. § 2000e *et. seq.* ("Title VII") and Section 1981 of the Civil Rights Act of 1866 against defendants.

On April 16, 2018 plaintiff amended her complaint to add another claim under North Carolina public policy and to dismiss her claims without prejudice as to a prior defendant, Cyril Bath Company, pursuant to a stipulated agreement (#16).

The instant motion is limited solely to dismissal of the North Carolina public policy claim against defendant. Defendant argues that said claim under the Occupational Safety and Health Act of North Carolina ("OSHANC") is completely unrelated to the facts at issue in this matter, as plaintiff's claims of racial discrimination and retaliation have nothing to do with the occupational injuries and illnesses that OSHANC is designed to cover, and thus plaintiff's public policy claim fails. Plaintiff argues that OSHANC contains a discrimination prohibition that is perfectly relevant to the facts at issue, and that her wrongful discharge claim should survive.

**II.     Legal Standard**

A motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). To survive such motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," as "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" are insufficient to defeat a Rule 12(b)(6) motion. Id.; see also Twombly, 550 U.S. at 547 (complaints will be dismissed when plaintiffs "have not nudged their claims across the line from conceivable to plausible"); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011).

Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. P. 8(a)(2). Such statement does not require "specific facts," but need only give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 544). For purposes of the motion, the factual allegations in the complaint are accepted as true and viewed in the light most favorable to the non-moving party, Coleman v. Md. Court of Appeals, 6266 F.3d 187, 189 (4th Cir. 2010), though the court need not accept "unwarranted inferences" or "unreasonable arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court also notes that "[a] Rule 12(b)(6) motion 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Pisgah Laboratories, Inc. v. Mikart, Inc., 2015 WL 996609, at *2 (W.D.N.C. Mar. 5, 2015) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

For wrongful discharge, such claims must be pled with specificity. Gillis v. Montgomery Cty. Sheriff's Dept., 191 N.C. App. 377, 379 (2008). Since the tort of wrongful discharge is an exception to the general rule that at-will employees may be discharged without reason, to state a claim for wrongful discharge in violation of public policy under North Carolina law, a claimant has two options. First, a claimant may plead facts that her discharge violates public policy broadly, in that the employer has done something in contravention of "the principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." Coman v. Thomas Mfg. Co., Inc., 325 N.C. 172, 175 n. 2 (1989). Alternately, a claimant has the burden of pleading that her dismissal occurred for a reason that violates "express policy declarations contained in the North Carolina General Statutes." Efird v.

Riley, 342 F. Supp. 2d 413, 428 (M.D.N.C. 2004) (citing Amos v. Oakdale Knitting Co., 331 N.C. 348, 353 (1992)); see also Salter v. E & J Healthcare, Inc., 155 N.C. Ap. 685, 693 (2003).

**III.    Discussion**

Essentially, defendant argues that plaintiff's North Carolina public policy claim cannot stand, as OSHANC covers workplace injury and illness claims and not retaliation or discrimination claims. Plaintiff counters that OSHANC contains an antidiscrimination provision, making plaintiff's third cause of action perfectly viable as a violation of an express policy declaration under North Carolina law.

OSHANC expressly states its legislative purpose as ensuring "safe and healthful working conditions" and "to preserve our human resources" through various means, including encouraging businesses and employees to reduce safety and health hazards, providing safety standards and training, and enforcing safer practices. See N.C. Gen. Stat. § 95-126. As such, it is clear that OSHANC's purpose is to protect employee safety and health; indeed, such a statement appears at least six times in the statute. Id. OSHANC also includes an antidiscrimination provision that opposes discrimination by reason of "sex, race, ethnic origin, or by reason of religious affiliation." N.C. Gen. Stat. § 95-151. However, OSHANC also states that such discrimination is limited to employers, employees, or others who are "related to the administration of this Article" as opposed to a more general statement. Id.

Here, the court agrees with defendant that plaintiff has failed to properly state a claim or facts in support of such a claim. In her third cause of action in her Amended Complaint (#17), plaintiff essentially reiterates her allegations from her two previous causes of action (violations of Title VII of the Civil Rights Act of 1964 and of §1981 of the Civil Rights Act of 1866,

respectively). However, plaintiff fails to plead facts with any specificity, and instead simply alleges that defendant has violated North Carolina public policy "by terminating plaintiff because she reported and opposed race and ethnic origin discrimination" in violation of OSHANC. Plaintiff also points to a claimant in a North Carolina Court of Appeals case, Bigelow v. Town of Chapel Hill, 227 N.C. App. 1 (2013), as proof that retaliatory firings for discrimination violate the public policy behind OSHANC.

However, the claimant in Bigelow alleged that he was fired for photographing and complaining about unsafe working conditions, which is covered perfectly by OSHANC's express purpose of protecting employee health and safety; indeed, the North Carolina Court of Appeals specifically noted that retaliatory discrimination is prohibited as against public policy "to ensure that employees are not discouraged from reporting violations of [OSHANC]." Bigelow, 227 N.C. App. at 13. In the instant matter, plaintiff fails to offer any such connection to OSHANC; indeed, after closely reviewing the record to this point, none of plaintiff's pleadings represent any sort of violation of OSHANC and its explicit purpose of protecting employee health and safety, or otherwise connect to workplace safety at all. While the discrimination alleged by plaintiff constitutes a valid basis for her first two causes of action, the lack of any connection to workplace health and safety thus removes it from OSHANC's antidiscrimination provision, as what plaintiff is alleging is unrelated "to the administration of this Article." N.C. Gen. Stat. § 95-151. As such, plaintiff has entirely failed to plead a claim that violates any "express policy declarations contained in the North Carolina General Statutes." Efird, 342 F. Supp. 2d at 428 (citing Amos, 331 N.C. at 353). Therefore, the court will grant defendant's motion and dismiss plaintiff's defective third cause of action with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Third Cause of Action in Amended Complaint for Wrongful Discharge Under North Carolina Law (#22) is **GRANTED**. Plaintiff's third cause of action for wrongful discharge in violation of public policy under N.C. Gen. Stat. § 95-151 is hereby **DISMISSED with prejudice**.

Signed: July 3, 2018

Max O. Cogburn Jr.
United States District Judge